Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| NOELLA NOEL BERGENER<br><br>*Recurrida*<br><br><br>v.<br><br><br>JAMES MICHAEL BERGENER<br><br>*Peticionario* | KLCE202500258 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: DO2024CV00034 (401)<br><br>Sobre: Liquidación de Comunidad de Bienes |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2025.

Comparece ante nos, el Sr. James Michael Bergener (señor Bergener o peticionario) mediante recurso de *Certiorari* y nos solicita la revisión de la *Orden*[1] emitida el 22 de enero de 2025, y notificada al siguiente día, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI o foro recurrido). Mediante la *Orden* recurrida, el TPI le ordenó al peticionario a pagar la cantidad de trece mil trecientos cincuenta y nueve dólares ($13,359.00) por concepto de renta mensual contados desde el 27 de marzo de 2023 hasta el presente. El pago de las rentas vencidas deberá hacerse mediante un cheque certificado de doscientos ochenta mil quinientos treinta y nueve dólares ($280,539.00).

Por los fundamentos que expondremos a continuación, **denegamos** el recurso de *certiorari*, al no satisfacer los criterios

---

[1] Apéndice I del recurso de *Certiorari*, págs. 1-3.

Número Identificador

RES2025_____

establecidos en la Regla 52.1 de las de Procedimiento Civil[2] ni en la Regla 40 del Reglamento del Tribunal de Apelaciones[3].

## I.

El 28 de junio de 2020, las partes de epígrafe contrajeron matrimonio en Orange County, California, bajo el régimen económico de sociedad legal de bienes gananciales. Durante la vigencia del matrimonio, las partes adquirieron un bien de carácter ganancial en Dorado, Puerto Rico. Posterior al proceso de divorcio, el 15 de abril de 2022, la señora Noella Noel Bergener (señora Bergener o recurrida) instó una *Demanda*[4] sobre división de comunidad postganancial en contra del señor Bergener en el caso civil BY2022CV01917. Instado el pleito, el 4 de mayo de 2023, la recurrida presentó una *Moción Informativa de Interpelación*[5]. En esta, informó que el 27 de marzo de 2023, le cursó una carta de interpelación al peticionario, requiriéndole la cantidad de veinte mil dólares mensuales ($20,000.00) por concepto de pago de renta por su participación del cincuenta por ciento (50%) del bien inmueble ubicado en el #30 de la Urb. Dorado Beach Estates en el municipio de Dorado, Puerto Rico.

En respuesta, el 26 de mayo de 2023, el señor Bergener presentó *Oposición a Moción Informativa Sobre Interpelación*[6] en la cual le solicitó al TPI que declarara inefectiva la interpelación enviada por la recurrida. Por su parte, el foro recurrido emitió una *Orden*[7] y resolvió que tomó conocimiento del reclamo de la señora Bergener, no obstante, resaltó que dicho reclamo no surgía de la *Demanda*. Tras varios incidentes procesales, el 26 de junio de 2023, la recurrida presentó una *Moción de Desistimiento Voluntario y*

---

[2] 32 LPRA Ap. V, R. 52.1.
[3] 4 LPRA Ap. XXII-B, R. 40.
[4] Entrada #1 del Sistema Unificado de Manejo y Administración de Casos SUMAC del caso civil BY2022CV01917.
[5] Entrada #38 de SUMAC del caso civil BY2022CV01917.
[6] Entrada #43 de SUMAC del caso civil BY2022CV01917.
[7] Entrada #45 de SUMAC del caso civil BY2022CV01917.

*Solicitud de Orden al Amparo de la Regla 39.1 (b)*[8]. Evaluada tal solicitud, el 28 de junio de 2023, el TPI emitió una *Sentencia*[9] concediéndole el desistimiento voluntario sin perjuicio a la señora Bergener.

Posteriormente, el 16 de febrero de 2024, la recurrida presentó nuevamente una *Demanda*[10] sobre liquidación de comunidad postganancial. Entre las reclamaciones, adujo que las partes eran comuneros y dueños del bien inmueble ubicado en el #30 de la Urb. Dorado Beach Estates en el municipio de Dorado, Puerto Rico, el cual ha sido usado exclusivamente por el peticionario. Además, esbozó que el 27 de marzo de 2023, le remitió una misiva en acto de interpelación y reclamación de renta al peticionario, en la cual le solicitó la cantidad mínima de veinte mil dólares mensuales ($20,000.00) en concepto de renta por su participación del cincuenta por ciento (50%) en el bien inmueble antes indicado[11]. Por lo cual, solicitó al TPI que le ordenara al señor Bergener el pago de la renta desde la fecha de la interpelación.

Luego de varios incidentes procesales, el 6 de marzo de 2024, la recurrida presentó una *Solicitud de Orden y Remedio al Amparo del Artículo 840 del Código Civil*[12]. En la misma, la señora Bergener le solicitó al peticionario que le pagara la renta por el uso exclusivo del inmueble ganancial ubicado en el municipio de Dorado.

Por su lado, el 7 de marzo de 2023, el señor Bergener presentó su *Contestación a la Demanda y Reconvención*[13]. Como parte de su *Contestación a la Demanda,* el peticionario admitió haber recibido la misiva de interpelación. Sin embargo, levantó la defensa que la misma se envió como parte del caso civil BY2022CV01917, en donde

---

[8] Entrada #48 de SUMAC del caso civil BY2022CV01917.
[9] Entrada #55 de SUMAC del caso civil BY2022CV01917.
[10] Apéndice IV del recurso de *Certiorari*, págs. 8-11.
[11] *Íd.*, págs. 12-14.
[12] Apéndice V del recurso de *Certiorari,* págs. 15-16.
[13] Apéndice VI del recurso de *Certiorari*, págs. 21-25.

había solicitado que se declarara inefectiva, pues la señora Bergener desistió del pleito y el foro recurrido lo permitió. Así pues, el peticionario adujo que la interpelación no surtió efecto.

Días más tarde, el 14 de marzo de 2024, el peticionario presentó *Oposición a Solicitud de Orden y Remedio al Amparo del Artículo 840 del Código Civil*[14], en la cual reiteró su postura de que la recurrida había desistido de su reclamación en el caso civil BY2022CV01917.

Así las cosas, el 20 de marzo de 2024, el TPI emitió una *Orden*[15] en la cual le requirió a la señora Bergener que acreditara de dónde surgió la suma de veinte mil dólares mensuales ($20,000.00) que le reclamó al peticionario. En cumplimiento con lo anterior, el 2 de abril de 2024, la recurrida sometió una *Moción en Cumplimiento de Orden*[16] y presentó sus argumentos sobre el valor del alquiler del inmueble.

Luego de que el foro recurrido le concediera un término de veinte (20) días al peticionario para responder a la moción antes mencionada y que éste solicitara una prórroga[17], el 8 de mayo de 2024, el señor Bergener presentó *Moción en Cumplimiento de Orden y Réplica a Moción en Cumplimiento de Orden SUMAC #26*[18]. En el mencionado escrito, el peticionario anunció prueba pericial y argumentó sobre el valor del inmueble en el mercado de alquiler.

Así las cosas, el 12 de junio de 2024, el TPI celebró una vista de estado de los procedimientos, en la cual la recurrida se allanó a las conclusiones del perito del señor Bergener en cuanto al valor del alquiler de la propiedad en el mercado[19]. Asimismo, el peticionario reiteró su postura de que la interpelación del 27 de marzo de 2023

---

[14] Apéndice VII del recurso de *Certiorari*, págs. 26-31.
[15] Apéndice VIII del recurso de *Certiorari*, págs. 37.
[16] Apéndice IX del recurso de *Certiorari*, págs. 38-40.
[17] Apéndice X del recurso de *Certiorari*, págs. 109 y Entrada #39 de SUMAC del caso civil DO2024CV00034.
[18] Apéndice XI del recurso de *Certiorari*, págs. 110-188.
[19] Apéndice XII del recurso de *Certiorari*, págs. 189-192.

quedó sin efecto al momento del desistimiento del pleito BY2022CV01917[20]. Finalmente, el foro recurrido ordenó que las partes se reunieran para ponerse de acuerdo sobre los gastos del inmueble[21].

Transcurrido algún tiempo, mediante *Moción Conjunta para que se Dicte Resolución*[22], las partes acordaron estipular el valor de alquiler en el mercado del inmueble por la cantidad de veintisiete mil novecientos sesenta y ocho dólares ($27,968.00), restando la cantidad de mil doscientos cincuenta dólares ($1,250.00). Mientras que, el peticionario se reservó el derecho a solicitar los créditos por los gastos del inmueble durante el acto del juicio, pues la mayoría de dichos gastos no eran por la misma cantidad todos los meses[23]. De igual modo, las partes dejaron claro que no pudieron acordar la fecha en la que comenzarían los créditos de la señora Bergener por el uso del peticionario sobre la propiedad ganancial[24].

En vista de lo anterior, el TPI emitió la *Orden* aquí cuestionada y dispuso lo siguiente:

[...]

El valor de la renta debe ser $27,968.00 y el gasto del HOA de $26,718.00. El Tribunal ordena a James Michelle Bergener: El pago de $13,359.00 por concepto de renta mensual contados a partir del 27 de marzo de 2023 hasta el presente a favor de Noella Noel Bergener. El pago de $280,539.00 correspondiente a las rentas vencidas (21 meses) debe hacerse mediante cheque certificado a nombre de Noella Noel Bergener y enviado a la oficina de su representante legal. Se concede para hacer el pago de los meses vencidos 20 días contados a partir de la notificación de la Resolución[25].

[...]

---

[20] *Íd.*
[21] *Íd.*
[22] Apéndice XIV del recurso de *Certiorari*, págs. 195-197.
[23] *Íd.*
[24] *Íd.*
[25] Apéndice I del recurso de *Certiorari*, págs. 1-3.

Inconforme con la referida determinación, el 7 de febrero de 2025, el peticionario presentó *Moción de Reconsideración de Orden (SUMAC 126)*[26], la cual fue declarada *No Ha Lugar*[27].

Insatisfecho aun, el 14 de marzo de 2025, el peticionario presentó el recurso de *Certiorari* y señaló los siguientes errores:

> Erró el Tribunal de Primera Instancia al resolver que el Sr. Bergener debe satisfacer una renta a favor de la Recurrida, a partir del 27 de marzo de 2023 por el uso del inmueble ganancial.

> Erró el Tribunal de Primera Instancia al resolver que el Sr. Bergener debe realizar pagos mensuales por dicha renta, en lugar de acumularse créditos para liquidarse luego de realizado el inventario y avalúo de activos de la comunidad postganancial.

Luego de emitir una *Resolución*[28] concediéndole un término perentorio de diez (10) días a la recurrida para que expresara su posición, la misma presentó una *Solicitud de Desestimación del Recurso de Certiorari*. Posteriormente, la señora Bergener solicitó el desglose de la solicitud de desestimación presentada y, así pues, este foro intermedio emitió una *Resolución*[29]dando por no puesta la solicitud de desestimación y, ordenó que se cumpliera con la *Resolución* previa. En cumplimiento con lo anterior, el 31 de marzo de 2025, la recurrida sometió su *Alegato de la Parte Recurrida en Oposición a Recurso de Certiorari*. En este, la señora Bergener arguyó que las partes ya habían estipulado el monto debido de la renta y que ahora el peticionario pretendía que fuera un derecho de crédito.

Contando con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II.**

**-A-**

El auto de *certiorari* es un recurso procesal discrecional y extraordinario mediante el cual un tribunal de mayor jerarquía

---

[26] Apéndice II del recurso de *Certiorari.*
[27] Apéndice III del recurso de *Certiorari.*
[28] Notificada el 20 de marzo de 2025.
[29] Notificada el 26 de marzo de 2025.

puede rectificar errores jurídicos en el ámbito de la Regla 52.1 de Procedimiento Civil, *supra*, y conforme a los criterios que dispone la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*. Nuestro ordenamiento judicial ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto[30]. Esta norma de deferencia también aplica a las decisiones discrecionales de los tribunales de instancia. En cuanto a este particular, el Tribunal Supremo de Puerto Rico ha expresado lo siguiente:

> No hemos de interferir con los tribunales de instancia en el ejercicio de sus facultades discrecionales, excepto en aquellas situaciones en que se demuestre que este último (1) actuó con prejuicio o parcialidad, (2) incurrió en un craso abuso de discreción, o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[31]

En ausencia de tal abuso o de acción prejuiciada, error o parcialidad, no corresponde intervenir con las determinaciones del Tribunal de Primera Instancia[32]. No obstante, la Regla 52.1 de Procedimiento Civil, *supra*, faculta nuestra intervención en situaciones determinadas por la norma procesal. En específico establece que:

> [...] El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.[33]

---

[30] *Coop. Seguros Múltiples de P.R. v. Lugo*, 136 DPR 203, 208 (1994).

[31] *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

[32] *García v. Padró*, 165 DPR 324, 334-335 (2005*); Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 180 (1992).

[33] 32 LPRA Ap. V, R. 52.1.

[...]

En armonía con lo anterior, la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*, para dirigir la activación de nuestra jurisdicción discrecional en estos recursos dispone que para expedir un auto de *certiorari*, este Tribunal debe tomar en consideración los siguientes criterios:

A. Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se encuentra el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Por lo tanto, un *certiorari* solo habrá de expedirse si al menos uno de estos criterios aconseja la revisión del dictamen recurrido. Es decir, el ordenamiento impone que ejerzamos nuestra discreción y evaluemos si, a la luz de alguno de los criterios contenidos en la misma, se requiere nuestra intervención.

**III.**

En esencia, el Sr. Bergener nos solicita que revoquemos la *Orden* recurrida, pues adujo que el TPI incidió al ordenar satisfacer la renta a favor de la recurrida a partir del 27 de marzo de 2023, por el uso del inmueble ganancial. Asimismo, arguyó que, el foro recurrido erró al resolver que el peticionario debía realizar pagos mensuales por dicha renta, en lugar de acumularse créditos para liquidarse luego de realizado el inventario y avalúo de activos de la comunidad postganancial.

Según reseñamos, todo recurso de *certiorari* presentado ante este foro deberá ser examinado primeramente al palio de la Regla 52.1 de las de Procedimiento Civil, *supra*. De una lectura de la referida norma, surge que nuestro ordenamiento jurídico procesal no nos confiere autoridad para expedir un recurso de *certiorari* y revisar una controversia como la presente, pues la *Orden* en controversia no está contemplada bajo la regla precitada. Por otro lado, ninguno de los planteamientos presentados nos persuade a concluir que nuestra intervención es necesaria para evitar un fracaso irremediable de la justicia ni que se trata de un asunto que reviste interés público.

Asimismo, al haber considerado los hechos del caso de marras, no estamos convencidos que se cumple con alguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

En fin, el recurso no es revisable. Por lo cual, procede denegarlo sin trámite ulterior para que continúen los procedimientos correspondientes.

**IV.**

Por los fundamentos que anteceden, los que hacemos formar parte de este dictamen, ***denegamos*** el recurso de *certiorari* solicitado.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones